# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SCOTT GRANTHAM,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. CV 19-10106 VAP (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this habeas corpus action for lack of federal jurisdiction. 28 U.S.C. § 2254(a).

\* \* \*

1. Petitioner is currently an inmate in local custody. According to the California Attorney General, Petitioner was recently convicted at trial in San Bernardino Superior Court on charges of resisting arrest and evading a peace officer. (Docket # 15 at 12; 16-12 (criminal minute order).)

2. The pending habeas corpus action in this Court challenges the validity of a sentence from an earlier state criminal action.[1] (Docket # 6.) Based on Petitioner's reference to (a) the case number, (b) place of conviction, and (c) description of the previous proceedings, the Attorney General rightly concludes that Petitioner challenges his 2016 plea in Los Angeles Superior Court to an offense under the state's Vehicle Code.[2] (Docket # 15 at 9, 12.)

3. The Attorney General moved to dismiss the federal habeas action on several grounds. Notably, the Attorney General contends that Petitioner's action is moot because he is not "in custody" based on the 2016 offense. The Attorney General persuasively explains that Petitioner's 32-month prison sentence expired (after calculation of past custody credits and expected good time credits) in the Los Angeles case in November 2017. (Docket # 15 at 12.) However, Petitioner did not commence the federal action until November 2019 – nearly two years after the conclusion of the prison term.

4. Petitioner's brief response to the state's motion did not dispute the Attorney General's calculation. (Docket # 18 at 2.) Rather, he broadly contends that he was "sentenced to an illegal sentence" in the Los Angeles action for which "Petitioner can file at any time, no time constraints." (Id.) Petitioner also claims that he is "in custody" from his 2016 case because the San Bernardino court is "convicting Petitioner on the Los Angeles"

---

[1] Petitioner confusingly filed the action in the Ninth Circuit Court of Appeals (which transferred the case to this district court) using a California court habeas form petition. (Docket # 7.)

[2] The Court notes that Petitioner has a second habeas action pending in this judicial district. Grantham v. People, No. ED CV 19-2459 VAP (MRW) (C.D. Cal.). That action appears to challenge the recent result of the San Bernardino criminal case. The Attorney General's response to the petition in the 19-2459 action is not yet due.

2

case. (Id.) Petitioner provided no further documentation or understandable explanation of his claim.

* * *

5. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

6. Under federal law, a prisoner may challenge the constitutionality of a state court conviction or sentence only if the prisoner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The "in custody" component of Section 2254(a) "is jurisdictional" and "it is the first question [a federal court] must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). Federal courts "lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed." Resendez v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (quotation omitted). A person who completed a prison sentence is not "in custody" under that conviction and may not pursue habeas relief under federal law. Manunga v. Superior Court of California Orange County, 635 F. App'x 360, 361 (9th Cir. 2015).

7. Further, a state prisoner is not "in custody" on an earlier conviction "merely because that [prior] conviction had been used to enhance a subsequent sentence." Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 404 (2001); West v. Ryan, 652 F.3d 1071 (9th Cir. 2011) (prior conviction "may be regarded as conclusively valid" for Three Strikes purposes).

\* \* \*

8. In the present matter, the Attorney General demonstrated that Petitioner's sentence in the 2016 Los Angeles case expired in late 2017. As a result, Petitioner was not "in custody" due to that conviction when he filed this federal action in late 2019. Resendez, 416 F.3d at 956; Manunga, 635 F. App'x at 361. To the extent that Petitioner complains that his anticipated criminal sentence in the ongoing San Bernardino action will be enhanced by his earlier sentence, that is not a proper basis for federal review. Lackawanna County Dist. Att'y, 532 U.S. at 404.

9. Petitioner is not "in custody" based on the conviction and sentence he wishes to challenge in this action. As a result, the Court does not have jurisdiction over his moot habeas claim. Bailey, 599 F.3d at 978; Resendez, 416 F.3d at 956.

10. Therefore, the present action is hereby DISMISSED without prejudice for lack of jurisdiction.[3]

IT IS SO ORDERED.

Dated: March 16, 2020

HON. VIRGINIA A. PHILLIPS
CHIEF U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the Court does not have jurisdiction over the action, it declines to take up the Attorney General's alternative contentions regarding the timeliness and exhaustion of Petitioner's claims. (Docket # 15.)

4